IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Ron Peterson Firearms, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:11cv00678- RHS- LFG |
| Kenneth Melson, Acting Director Bureau of Alcohol, Tobacco, Firearms & Explosives | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION AND MEMORANDUM TO TRANSFER VENUE
OR, IN THE ALTERNATIVE, FOR A STAY OF PROCEEDINGS**

On or about July 12, 2011, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") issued letters to certain Federal Firearms Licensees ("FFLs") in the Southwest Border States of New Mexico, Texas, Arizona, and California, requiring the FFLs to report, beginning on August 14, 2011, certain information regarding multiple sales of specific semi-automatic rifles.  On August 3, 2011, two separate actions were filed in the United States District Court for the District of Columbia to challenge this reporting requirement, one by the National Shooting Sports Foundation ("NSSF"), and the other by the National Rifle Association ("NRA"), with two FFLs located in Arizona as the named plaintiffs.[1]  National Shooting Sports Foundation v.

---

[1] See NRA Press Release (Aug. 5, 2011) available at http://www.nraila.org/Legislation/Federal/Read.aspx?id=7015 (attached as Exhibit 1) ("NRA filed separate complaints in the District of Columbia, New Mexico and Texas challenging the administration's demands.").  As NRA indicated in its press release, it is fully funding these lawsuits.  See also Savage, Charlie, NRA Sues Over Bulk Gun Sales Rule, N.Y. Times (Aug. 3, 2011) (quoting NRA's executive vice president as stating the organization "viewed [the requirement] as a blatant attempt by the Obama administration to pursue their gun control agenda through back-door rule-making," and pledging that "NRA will fight them every step of the

Melson, Civil Action No. 1:11cv01401 (D.D.C.) (attached as Exhibit 2); J & G Sales, Inc. v. Melson, Civil Action No. 1:11cv01402 (D.D.C.) ("the D.D.C. action") (attached as Exhibit 3). Both complaints assert that ATF exceeded its authority in issuing the demand letters and seek declaratory judgments and preliminary and permanent injunctive relief.  See id.  Also on August 3, 2011, the NRA filed an identical action in this Court in the name of a third FFL.  Ron Peterson Firearms, LLC v. Melson, Civil Action No. 1:11cv00678-RHS-LFG (D.N.M.) (attached as Exhibit 4); see also NRA Press Release (Ex. 1).  Two days later, on August 5, 2011, the NRA filed a third identical lawsuit in the Western District of Texas, this time in the name of another FFL.  10 Ring Precision, Inc. v. Melson, Civil Action No. 5:11-cv-00663-XR (W.D. Tex.) (attached as Exhibit 5); see also NRA Press Release (Ex. 1).[2]  The three identical NRA-initiated lawsuits are part of a concerted effort by that organization to challenge ATF's action in the federal courts.  See NRA Press Release (Ex. 1).

In the interests of justice and judicial efficiency, Defendant Kenneth Melson, in his official capacity as Acting Director of ATF, moves to transfer the New Mexico and Texas cases to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1404(a).  In the alternative, Defendant respectfully requests that this Court stay this action pending resolution of the actions filed in the District of Columbia.  Transfer of this case, indeed of all of the cases, to the District Court for the District of Columbia promotes the interests of justice and convenience of the parties.  It is inimical to judicial economy and the interests of

---

way.").

  [2]  The New Mexico and Texas complaints differ from the D.D.C. complaint only in the identity of the plaintiff and the addition of local counsel.  They are in all other respects identical, filed by the same counsel based in the Washington, D.C. area.

justice to allow a single organization to initiate and fully fund the filing of three identical lawsuits to simultaneously litigate the same causes of action against the same defendant in three different federal courts.  In these circumstances, the very real potential for wasteful and duplicative litigation – and the possibility of inconsistent judgments – militate strongly in favor of transfer.

Transfer to the District Court for the District of Columbia is especially appropriate because that District is the one jurisdiction in which all of the plaintiffs in all of the lawsuits could have filed their complaints.  Defendant's principal place of business is in Washington, D.C., and the agency action that is being challenged occurred in the District of Columbia.  Furthermore, all of the attorneys representing the parties (other than local counsel), are located in the Washington, D.C. area, and there are currently two cases pending in that jurisdiction.  In addition, recent statistics compiled by the Administrative Office of the United States Courts demonstrate that there are fewer pending cases per judge in the District Court for the District of Columbia than in this Court.  As a result, consolidation in the District of Columbia will best serve the convenience of the parties and promote the parties' and the courts' interest in a speedy resolution of this controversy.  Moreover, given the very early stage of this litigation, transfer will not prejudice the interest of any plaintiff in any of the actions.

For these and the reasons that follow, Defendant requests that the Court grant the motion to transfer this case to the United States District Court for the District of Columbia.  In the alternative, the Court should stay this case, at least pending resolution of the D.D.C. actions.

**ARGUMENT**

I. **THIS CASE SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTICT OF COLUMBIA.**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This provision was designed to "allow[ ] easy change of venue within a unified federal system" Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 (1981), so as "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal alterations and citation omitted).

As the Tenth Circuit has noted, Section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515-16 (10th Cir. 1991) (citation omitted). As demonstrated further below, consolidation of this case and the D.D.C. action will promote these goals.

   A. **Defendant's Request Meets the Statutory Prerequisites for Transfer.**

The party moving to transfer a case bears the burden of establishing that "both the transferor and the transferee court have venue over the action, but it is more efficient to prosecute the action in the latter court." Chrysler Credit Corp., 928 F.2d at 1516. Defendant does not dispute that venue is proper in this district pursuant to 28 U.S.C. § 1391(e).[3] See Compl. ¶ 2 (Ex. 4) (alleging that

---

[3] Section 1391(e) provides in relevant part that "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the

4

Plaintiff Ron Peterson Firearms LLC is a federally-licensed firearms dealer incorporated under the laws of New Mexico and operating its principal place of business in Albuquerque, New Mexico).[4]

Venue is also proper in the District Court for the District of Columbia.  Indeed, it is the one forum in which all of the actions could have been filed from the outset.  Defendant Kenneth Melson is Acting Director of ATF, a component of the United States Department of Justice, and has his principal place of business in Washington, D.C.  See 28 U.S.C. § 1391(e)(1) (a civil action in which a defendant is an officer or employee of the United States or any agency thereof may be brought in a judicial district where any defendant resides).  ATF has exercised its authority under 18 U.S.C. § 923(g)(5)(A), to request multi-sales reporting of certain semi-automatic rifles – the action Plaintiff challenges in this lawsuit – from its principal place of business in Washington, D.C.  Thus, venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1391(e)(1) and (e)(2).

Further, Plaintiff here cannot dispute that the District Court for the District of Columbia has proper subject matter jurisdiction over this case, because a federal question – the statutory authority of a government agency to take certain action – is clearly presented.  28 U.S.C. § 1331.  Indeed, by filing an identical action in the District of Columbia on behalf of two Arizona FFLs, Plaintiff's attorneys concede that both jurisdiction and venue lie in that District.  D.D.C. Action, ¶ 4 (Ex. 3).  Because this case could have been brought in the District Court for the District of Columbia, transfer there is proper pursuant to section 1404(a).

---

action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action."

[4] Plaintiff did not expressly address venue in its Complaint.

### B. Consolidation of this Case with the D.D.C. Action Serves the Interests of Justice and the Convenience of the Parties.

As the Tenth Circuit has observed, "Congress enacted 28 U.S.C. 1404(a) in 1948 'as a federal housekeeping measure,' allowing easy change of venue within a unified federal system." Chrysler Corp., 928 F.2d at 1515 (citing Piper Aircraft Co., 454 U.S. at 254). As discussed above, motions to transfer within the federal system are governed by a "flexible and multifaceted analysis" that requires "an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 31 (1987) (internal citations omitted). For these reasons, section 1404(a) grants the Court broad discretion in making its transfer decision. Coffey, 796 F.2d at 219.

In Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967), the Court of Appeals stated that among the factors a district court should consider are "questions as to the enforceability of a judgment if one is obtained and . . . all other considerations of a practical nature that make a trial easy, expeditious and economical."[5] Accordingly, courts in this Circuit have employed a multi-factored analysis to determine whether transfer would serve the interests of justice. See, e.g., Keymark Enterprises, LLC v. Eagle Metal Products, No. 08-cv-00662, 2008 WL 4787590, at *3 (D. Colo. Oct. 30, 2008) (weighing Texas Gulf factors to determine motion to transfer should be granted); Schecher v. Purdue Pharma., L.P., 317 F. Supp. 2d 1253, 1262 (D.

---

[5] Additional factors that bear on the analysis include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; [and] the advantage of having a local court determine questions of local law. Id.

Kan. 2004) (transferring venue in the interests of justice because, in the absence of transfer, "two different federal district courts would be simultaneously litigating claims involving virtually the same parties and the same issues [which is] certainly not a desirable outcome from the standpoint of either judicial efficiency or convenience to the parties and witnesses.").

Permitting this lawsuit and the D.D.C. and Texas actions to proceed simultaneously in three different fora will virtually triple the energy and resources required of the parties and the judicial system to resolve this dispute. The unnecessary expense and diversion of judicial resources is even more pronounced in a situation such as this one, where Plaintiffs in all three suits, plus the NSSF lawsuit also filed in the District Court for the District of Columbia, have indicated their intention to seek preliminary and permanent injunctive relief. See Compl., Prayer for Relief (Ex. 4); D.D.C. Action, Prayer for Relief (Ex. 3). In short, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent." Continental Grain Co. v. FBI, 364 U.S. 19, 26 (1960).

Moreover, permitting three identical lawsuits to be separately litigated could lead to inconsistent judgments: one or more holding that ATF's action exceeds the scope of its authority under 18 U.S.C. § 923(g)(5)(A), and one or more holding that it does not.[6] This scenario is one that section 1404(a) seeks to guard against. See Lynn v. Purdue Pharma Co., No. 04cv0300, 2004 WL 1242765, at *3 (D.N.M. June 7, 2004) ("As found by courts that have transferred related cases as of this date, the interests of justice and convenience of the parties and witnesses, particularly

---

[6] Moreover, one court could issue a preliminary injunction while others deny such relief. As a practical matter, this outcome would lead to inconsistent implementation of ATF's multiple sales reporting requirement.

considering such factors as the pendency of related litigation in New York . . .[and] the *concomitant avoidance of inconsistent results* . . . strongly support transfer.") (emphasis added). Because the D.D.C. action and this case essentially "involve the same parties and issues, it would defy common sense to allow both actions to proceed independently."  Cobe Labs, Inc. v. Baxter Int'l, No. 89 N 2084, 1990 WL 100233, at *2 (D. Colo. June 14, 1990).  Accord Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (dictum) (when two cases pending in two different federal district courts raise the same issues, "the general principle is to avoid duplicative litigation").

      Whatever NRA's purpose is in funding duplicative lawsuits in three jurisdictions, the situation calls for a transfer that will permit consolidation of these overlapping actions.  Coffey v. Van Dorn Iron Works, 796 F.2d 217, 221 (7th Cir. 1986) ("related litigation should be transferred to a forum where consolidation is feasible") (citations omitted).  As an examination of Plaintiff's complaint demonstrates, the present action seeks judicial review of administrative agency action. See Compl. ¶ 4 (Ex. 4) (premising jurisdiction on the review provision of the Administrative Procedure Act, 5 U.S.C. § 702 ("APA"), and the Declaratory Judgment Act).  It is well settled that "[t]he scope of judicial review under the APA is limited to the administrative record" compiled by the agency.  Utah Shared Access Alliance v. Carpenter, 348 F. Supp. 2d 1265, 1269 (D. Utah 2004); see also Florida Power & Light v. Lorion, 470 U.S. 729, 743-44 (1985); Camp v. Pitts, 411 U.S. 138, 142 (1973).  Thus, the sole "source of proof" in all of these cases will be the record compiled by ATF.[7]  Because Plaintiffs in all of these actions raise identical statutory

---

[7] Therefore, factors such as "the accessibility of witnesses" and the "cost of making the necessary proof" are largely irrelevant here.  Similarly, the other Texas Gulf factors weigh in favor of transfer (or are at most neutral).  The interest in having local interests decided at home

challenges to ATF's authority to require multi-sales reporting of certain semi-automatic rifles, and because resolution of the dispute will turn on the Court's review of the record, the cases involve common questions of law, making consolidation "feasible" pursuant to Fed. R. Civ. P. 42(a).[8] Transfer is accordingly appropriate.

The circumstances here make the District Court for the District of Columbia, rather than this Court, the appropriate forum for consolidation. On August 3, 2011, the same day both this case and the D.D.C. action were filed, NSSF filed another very similar action in the District Court for the District of Columbia. See supra at 1. Defendant has moved to consolidate before a single district judge the two pending District of Columbia cases challenging ATF's authority to require multi-sales reporting of certain semi-automatic rifles. The District Court for the District of Columbia is likely the only forum in which venue is proper with respect to each of the four pending actions challenging ATF's action.

Further, Defendant's principal place of business is in the District of Columbia and counsel for both Plaintiff and Defendant reside in or just outside of Washington, D.C. These factors weigh in favor of transfer to the District Court for the District of Columbia. See, e.g., Schecher, 317 F. Supp. 2d at 1261 (finding that transfer was appropriate based on relative convenience to parties and witnesses). In addition, recent statistics compiled by the Administrative Office of U.S. Courts

---

does not weigh against transfer here because the issue here is one of federal regulation of firearms and applies to federally-licensed dealers in not just New Mexico but four States. As to the familiarity of the forum with the law that will govern the case, and potential conflicts of law, these factors are neutral because federal law governs this case. See Texas Gulf, 371 F.2d at 147.

[8] Federal Rule of Civil Procedure 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated . . . ."

demonstrate that there are fewer pending cases per judge in the District Court for the District of Columbia than in this Court. See www.uscourts.gov/fcmstat/index.html (267 pending cases per judge in the District of Columbia, as opposed to 375 in the District of New Mexico) (relevant data attached as Exhibit 6). Even a modest difference in docket congestion suggests that transfer of an action from one district court to another is appropriate. See, e.g., Keymark Enterprises, 2008 WL at *4 (evidence concerning docket congestion indicated that a "typical civil case may come to trial slightly faster" in transferee court and weighed slightly in favor of transfer).

Based on the existence of two nearly identical suits already pending in the District Court for the District of Columbia, the location of the Defendant agency and the attorneys for both parties, and the relatively lighter docket in that District, consolidation in the District Court for the District of Columbia will best serve the parties' and the court's interest in a timely and efficient resolution of this controversy.[9]

## II. IF THE CASE IS NOT TRANSFERRED, IT SHOULD BE STAYED.

If the Court denies Defendant's motion to transfer, then, in the alternative, it should stay this proceeding pending the outcome of the D.D.C. action. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The Tenth Circuit has recognized that district courts maintain discretion to "defer or abate proceedings where another suit, involving the identical issues, is pending either in

---

[9] Though the Court must give some weight to Plaintiff's choice of forum, deference to that choice "need not be blind," Schecher, 317 F. Supp. 2d at 1263, particularly where, as here, Plaintiff's counsel seeks review of ATF's action in three separate jurisdictions, and countervailing considerations weigh heavily in favor of transfer.

federal or state court, and it would be duplicative, uneconomical and vexatious to proceed." Blinder, Robinson & Co. v. SEC, 692 F.2d 102, 106 (10th Cir. 1982) (citations omitted).  In light of this principle, this Court has the "inherent power to dismiss or stay an action in favor of [] litigation presenting the same claims and issues."  Brown v. Bratt, No. 93-1329-PFK, 1994 WL 2089, at *1 (D. Kan. Jan. 3, 1994) (citing Schlaifer Nance & Co. v. Estate of Warhol, 764 F. Supp. 43 (S.D.N.Y. 1991); Remington Rand Corp. v. Business Systems, 830 F.2d 1274 (3d Cir.1987); Soloman S.A. v. Scott USA Ltd. Partnership, 117 F.R.D. 320 (D. Mass. 1987)).

A stay of this case pending resolution of the D.D.C. action would serve the interests of judicial economy by permitting the litigants to proceed in the less congested forum, see supra at 9, and could simplify, if not eliminate, the need for further proceedings in this Court.  Northern Nat'l Gas Co. v. L.D. Drilling, Inc., No. 08-1405, 2009 WL 3739735, at *13 (D. Kan. Nov. 6, 2009) (noting that courts have discretion to stay litigation to avoid the duplication of cases raising identical or "such closely similar" claims) (citations omitted); McCleary v. Ryan, No. CIV-08-626, 2008 WL 3049974, at *3 (W.D. Okla. Aug. 5, 2008) (reiterating that "a district court may stay or dismiss a suit that is duplicative of another federal court suit . . . to foster judicial economy and the comprehensive disposition of litigation [as well as] to protect parties from the vexation of concurrent litigation over the same subject matter") (citing Ford v. Mischeviz, No. 03-1008, 68 Fed. Appx. 877, 878 (10th Cir. June 5, 2003) (unpublished)).  Accordingly, if this case is not transferred, it should be stayed at least until the D.D.C. action is resolved.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Defendant's motion and transfer this case to the United States District Court for the District of Columbia. In the alternative, this Court should stay the action at least until the District of Columbia court disposes of that case.

Dated: August 12, 2011

Respectfully submitted,

TONY WEST
Assistant Attorney General

KENNETH J. GONZALES
United States Attorney

JAN ELIZABETH MITCHELL
Assistant U. S. Attorney
P.O. Box 607
Albuquerque, NM 87103
505-346-7274
Jan.Mitchell@usdoj.gov


  /s/  Lesley Farby
SANDRA SCHRAIBMAN
Assistant Director
DANIEL RIESS
LESLEY FARBY
JESSICA LEINWAND
Trial Attorneys
U.S. Department of Justice
Civil Division, Rm. 7220
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Telephone: (202) 514-3481
Fax: (202) 616-8470
Email: Lesley.Farby@usdoj.gov
*Attorneys for Defendant*

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL CIV. R. 7.1

Pursuant to Local Civ. R. 7.1, I hereby certify that on August 12, 2011, I contacted counsel for Plaintiff who represented that Plaintiff would oppose Defendant's Motion to Transfer Venue, or in the Alternative, for a Stay of Proceedings.

/s/ Lesley Farby
Lesley Farby

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2011, I caused the foregoing document to be served via electronic case filing.

/s/ Lesley Farby
Lesley Farby