IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


RON PETERSON FIREARMS, LLC,

        Plaintiff,

vs.                                                                     No. 11-CV-678 JC/LFG

B. TODD JONES,[1] ACTING DIRECTOR,
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES,

        Defendant.


**AMENDED MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO TRANSFER**

THIS MATTER comes before the Court on *Defendant's Motion and Memorandum to Transfer Venue or, in the Alternative, for a Stay of Proceedings*, filed August 12, 2011 (Doc. 8)("Motion"). Having considered the Motion, *Plaintiff's Opposition to Defendant's Motion to Transfer Venue or, in the Alternative, for a Stay of Proceedings*, filed September 6, 2011 (Doc. 20)("Response")*, Defendant's Reply Memorandum in Support of Defendant's Motion to Transfer Venue or, in the Alternative, for a Stay of Proceedings*, filed September 9, 2011 (Doc. 22)("Reply"), and the governing authority, the Court will deny the Motion.

**I.    Background**

This lawsuit invokes review under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.* ("APA"), and is among several of its kind filed nationwide. Ron Peterson Firearms, LLC

---

[1]Pursuant to Federal rule of Civil Procedure 25(d), B. Todd Jones has been substituted for Kenneth Melson as the Defendant in this matter.

("Plaintiff") is a Federal Firearms Licensee ("FFL"), subject to the recent requirement by Defendant Acting Director of the Bureau of Alcohol, Tobacco, Firearms & Explosives (hereinafter "Defendant" or "ATF") that gun dealers in the Southwest Border States of Texas, Arizona, New Mexico, and California report information pertaining to multiple sales of the specified semi-automatic rifles.  Plaintiff contends that ATF exceeded its congressional authority, or acted arbitrarily and capriciously, when it issued demand letters requiring the reporting on July 12, 2011.

On August 3, 2011, two actions challenging the same reporting requirements and naming two FFLs located in Arizona as plaintiffs, were filed in the United States District Court for the District of Columbia.  *See National Shooting Sports Foundation v. Melson*, No. 1:11-CV-1401 RMC (D.D.C.), *J & G Sales, Inc. v. Melson*, No. 1:11-CV-1402 RMC (D.D.C.) (consolidated with 1:11-CV-1401).  The D.D.C. actions sought declaratory judgment and injunctive relief, as does the present action.  On August 5, 2011, a fourth lawsuit was filed in the Western District of Texas, raising the same legal questions and seeking the same relief as the others.  *See 10 Ring Precision, Inc. v. Melson*, No. 5:11-CV-663 (W.D. Tex.).

The D.D.C. court expedited briefing on cross-motions for summary judgment and, on January 13, 2012, presiding United States District Judge Rosemary M. Collyer entered a detailed Memorandum Opinion and Order and a Final Judgment in favor of Defendant.  *See* 11-CV-1401 RMC, Docs. 43, 44.  While the D.D.C. cases were still pending, however, Defendant filed the present Motion requesting that, in the interest of justice and judicial efficiency –  and pursuant to 28 U.S.C. § 1404(a) –  this case be transferred to the District of Columbia, where it might be

2


consolidated with the lawsuits then pending in that District.[2]  In the alternative, Defendant requested a stay of these proceedings pending resolution of the consolidated actions in the District of Columbia.[3]

In line with the letter and spirit of the cost-saving provisions of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, on October 5, 2011, Magistrate Judge Lorenzo Garcia entered an Order Staying Scheduling Order and Briefing (Doc. 29) in this case, pending resolution of the present Motion for transfer of venue.  Following final disposition of the consolidated D.D.C. cases, Magistrate Judge Garcia held a telephonic status conference, at which time the parties agreed that the instant Motion remained in need of ruling.  *See* Doc. 31 (Clerk's Minutes from telephonic status conference held on January 20, 2012).  For the reasons discussed herein, the Court will deny the Motion.

## II.    **Legal Standard**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The party moving for transfer under § 1404(a) bears the burden of establishing that the existing forum is inconvenient.  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).  Congress enacted § 1404(a) to allow easy change of venue within a unified federal system.  *Id.* (citing *Piper Aircfaft Co. v. Reyno*, 454 U.S. 235, 254 (1981)).  Courts deciding whether a discretionary transfer of

---

[2] Defendant also moved to transfer the case filed in the Western District of Texas to the District of Columbia.  The Texas court denied the motion orally and no record of its reasoning is presently available to this Court.

[3] This portion of Defendant's Motion became moot upon entry of judgment in the D.D.C. consolidated actions.

venue is warranted under § 1404(a) should consider factors such as: (1) the plaintiff's choice of forum; (2) accessibility of witnesses and other sources of proof; (3) costs of making the necessary proof; (4) enforceability of any judgment; (5) advantages and obstacles to a fair trial; (6) difficulties arising from congested dockets; (7) issues regarding conflicts of laws; and (8) the advantage of having a local court determine questions of local law. *Chrysler Credit Corp.*, 928 F.2d 1509.

An action may be transferred under § 1404(a) at any time during its pendency, even post-judgment if warranted. 15 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3844 at 334-35 (1986). The party moving to transfer a case bears the burden of establishing that "both the transferor and the transferee court have venue over the action, but it is more efficient to prosecute the action in the latter court." *Chrysler*, 928 F.2d at 1516. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. at 622). The plaintiff's choice of forum should, however, "rarely be disturbed" unless the *Chrysler* factors weigh strongly in favor of the movant. *Sheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

**III.   Analysis**

As a threshold matter, the parties agree that venue is proper in either court. *See Plaintiff's Opposition to Defendant's Motion to Transfer Venue or, in the Alternative, for a Stay of Proceedings* (Doc. 20)("Response") at 2 ("Plaintiff does not dispute that this action might have been brought in the District of Columbia.").

     **A.**     **The *Chrysler Credit Corporation* Factors Do Not Weigh Strongly in Favor of Transfer**

     **i.**     **Plaintiff's Choice of Forum**

Defendant asserts that because the NRA has "filed" multiple cases seeking resolution of one central legal question in three different federal districts, Plaintiff's choice of forum should be afforded little weight. Indeed, although the NRA is not a party to the lawsuit, it has publically acknowledged that it is both driving and funding the nationwide litigation challenging the ATF's reporting requirements.[4]

Plaintiff responds that litigating this case in the District of Columbia would be "unduly inconvenient to [the actual] Plaintiff, who is a resident of Albuquerque, whose business is in Albuquerque, and whose customers are primarily in Albuquerque." Resp. at 8. The Court gives substantial weight to local Plaintiff Ron Peterson Firearms' choice of forum, notwithstanding the NRA's obvious stake in the outcome. This factor weighs in favor of litigating in New Mexico.

     **ii.**     **Accessibility of Witnesses and Proof, Including Availability of Compulsory Process to Insure Attendance of Witnesses**; **Cost of Making Necessary proof**; **Enforceability of Judgment if one is Obtained; Application of Governing Law; Relative Advantages and Obstacles to a Fair Trial**

As a general rule, "the convenience of witnesses is the most important factor in deciding

---

[4]*See, e.g.,* NRA News Update (January 27, 2012), Act Now to Stop Obama/Holder Gun Registration Scheme, available at http://www.nraila.org/legislation/federal-legislation/2012/act-now-to-stop-abamaholder-gun-registration-scheme.aspx?s=&st=&ps (last visited February 8, 2012)("Recently, a federal district court in Washington, D.C. issued a ruling upholding an Obama administration policy that requires federally licensed firearms retailers in states bordering Mexico to report multiple sales of semi-automatic rifles. **The case was brought by two NRA-backed firearm retailers** . . . .")(emphasis added). *See also* NRA Press Release (Aug. 5, 2011) available at http://www.nraila.org/Legislation/Federal/Read.aspx?id=7015 (attached as Exhibit 1 to Defendant's Motion) (**"NRA filed separate complaints in the District of Columbia, New Mexico and Texas challenging the administration's demands."**)(emphasis added).

5

a motion under *§ 1404(a)*." *Empl. Mut. Casualty Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010)(quoting *Cook v. Atchinson, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667,669 (D. Kan. 1993)). That said, it is highly unlikely that live testimony from the Plaintiff or any other witness would be necessary or even appropriate in this particular case. Because Plaintiff seeks review of ATF's action under the APA, and there will be no trial, accessibility of witnesses is of little to no consequence. Accordingly, this factor is neutral.

Similarly, because live testimony in a record review case under the APA would be inappropriate, Plaintiff's contention that its "corporate representative [might] have to travel to the District of Columbia at significant cost in money and lost time" is of little weight. Instead, the Court finds this factor neutral. Moreover, concerns regarding enforceability of judgment are absent because a judgment obtained in either federal district would be equally enforceable. In the same vein, potential conflicts of laws issues and the preference for having local courts determine local law is a non-issue. This case involves interpretation and application of exclusively federal law, so this factor does not bear on the analysis before the Court today. Finally, concerns of a fair trial are a nullity, as this case will, by its nature, be resolved on the administrative record and there will be no trial.

### iii.     Potential Difficulties Associated with Congested Dockets

The difficulties of court congestion weigh in favor of transfer. The gist of this factor is the basic proposition that cases are generally resolved more quickly in districts where dockets are less congested. *See Bartile Roofs, Inc.*, 618 F.3d at 1169 (10th Cir. 2010). When evaluating the relative weight of congested dockets for purposes of venue transfer, "the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge." *Id.* (citing *REO Sales, Inc. v. Prudential Ins. Co.*

*of Am.*, 925 F. Supp. 1491, 1495 n.3 (D. Colo. 1996); *Hess Oil V.I. Corp. v. UOP, Inc.*, 447 F. Supp. 381, 384 (N.D. Okla. 1978)).

Reliable statistics reflecting a 12-month period ending in September, 2011 demonstrate the following: In the District of Columbia there were 259 pending cases per judgship and in New Mexico 350; in the District of Columbia the weighted filings per judgeship numbered 245 and in New Mexico 533; and the median time in months from filing to disposition of civil cases was 7.2 in the District of Columbia and 8.5 in New Mexico.[5] *See* United States District Court Judicial Case Profile, http://www.uscourts.gov/viewer.aspx?doc/cgi-bin/cmsd (last visited February 2, 2012). Although this Court is not too busy to hear the case, the relevant statistics indicate that it is likely to proceed slightly more quickly in the District of Columbia. However, given the nature of the claims, this Court can expedite this matter and achieve a speedy outcome.

### iv. All Considerations of a Practical Nature that Make a Trial Easy, Expeditious, and Economical

Weighing in favor of venue transfer is the fact that a case virtually identical to the one at hand was recently resolved in expedited fashion before the D.D.C. court. The D.D.C. court, then, is already familiar with the administrative record and legal issues. On the other hand, this Court can readily conduct the same record review in a procedurally expedited fashion. Where there is no longer a D.D.C. case with which this case might be consolidated, the economic advantages of transfer are not readily apparent.

### IV. Conclusion

This declaratory judgement action involves administrative review of federal agency action

---

[5]Because the case is not bound for trial, the Court has not considered filing-to-trial statistics.

under the APA and is substantively identical in all material respects to the consolidated actions recently resolved in the District of Columbia.  Venue is undisputedly proper in both New Mexico and the District of Columbia.  The *Chrysler* factors related to witnesses and trial evidence do not bring anything significant to bear on the venue analysis here, and the remaining *Chrysler* factors do not weigh heavily in favor of transfer.  Further, the D.D.C. case with which this case might have been consolidated has been resolved at the district court level and is on appeal.  In sum, all relevant things considered, the Court finds it would be an improper exercise of its discretion to deny Plaintiff its chosen forum and transfer the case at this juncture.  Therefore, the Court will deny Defendant's Motion.

WHEREFORE,

**IT IS ORDERED** that *Defendant's Motion and Memorandum to Transfer Venue or, in the Alternative, for a Stay of Proceedings*, filed August 12, 2011 (Doc. 8) is **DENIED**.

Dated February 17, 2012.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

>John J. D'Amato, Jr., Esq.
>Albuquerque, New Mexico
>
>Stephen P. Halbrook, Esq.
>Richard E. Gardner, Esq.
>Fairfax, Virginia

Counsel for Defendant:

>Leslie Farby, Esq.
>USDOJ

Washington, D.C.

Jan E. Mitchell, Esq.
AUSA
Albuquerque, New Mexico