# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE NATIONAL SHOOTING SPORTS ) <br> FOUNDATION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> B. TODD JONES, Acting Director, ) <br> BUREAU OF ALCOHOL, TOBACCO, ) <br> FIREARMS & EXPLOSIVES,[1] ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 11-1401 (RMC) <br> (consolidated with 11-1402 (RMC)) |

**ORDER**

This matter comes before the Court on the motion to stay and permit discovery filed by The National Shooting Sports Foundation, Inc. ("NSSF"). NSSF seeks to enjoin the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") from requiring that all federally licensed firearms dealers in states bordering Mexico (California, Arizona, New Mexico and Texas) report to the ATF information regarding sales of more than one semi-automatic rifle to the same person at one time or during a period of five consecutive business days. NSSF contends that this requirement is beyond the scope of authority of the ATF.

The Administrative Procedure Act ("APA"), 5 U.S.C. §§ 553, 701–706, requires a reviewing court to set aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Tourus Records, Inc. v. Drug Enforcement Admin.*, 259 F.3d 731, 736 (D.C. Cir. 2001). In making this inquiry, the reviewing

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), B. Todd Jones is substituted for his predecessor, Kenneth Melson, Acting Director of the Bureau of Alcohol, Tobacco, Firearms & Explosives.

court "must consider whether the [agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Marsh v. Oregon Natural Res. Council*, 490 U.S. 360, 378 (1989) (internal quotation marks omitted). At a minimum, the agency must have considered relevant data and articulated an explanation establishing a "rational connection between the facts found and the choice made." *Bowen v. Am. Hosp. Ass'n*, 476 U.S. 610, 626 (1986); *see also Pub. Citizen, Inc. v. Fed. Aviation Admin.*, 988 F.2d 186, 197 (D.C. Cir. 1993) ("The requirement that agency action not be arbitrary or capricious includes a requirement that the agency adequately explain its result.").

When a party seeks review of agency action under the APA, the district court acts as an appellate court and reviews the matter as a question of law. *Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009). "[T]he question of whether the agency acted in an arbitrary and capricious manner is a legal one which the district court can resolve on the agency record, regardless of whether it is presented in the context of a motion for judgment on the pleadings or in a motion for summary judgment." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). Thus, review of claims that an agency acted arbitrarily and capriciously under the APA is usually confined to the administrative record; however, discovery beyond the administrative record is permitted upon a "strong showing of bad faith or improper behavior or when the record is so bare that it prevents effective judicial review." *Menkes v. Dep't Homeland Security*, 637 F.3d 319, 339 (D.C. Cir. 2011) (quoting *Commercial Drapery Contractors, Inc. v. United States*, 133 F.3d 1, 7 (D.C. Cir. 1998)). Inquiries into the mental processes of an agency's decision-maker are avoided. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *see also San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n*, 789 F.2d 26, 44-45 (D.C. Cir. 1986) (without a showing of improper

agency conduct, administrative record should not be supplemented with transcripts of closed agency meetings that were part of the deliberative process).

NSSF has not made a strong showing of bad faith or improper conduct and has not shown that the record is insufficient.

Accordingly, it is hereby

**ORDERED** that the motion to stay and permit discovery filed by The National Shooting Sports Foundation, Inc. [Dkt. # 26] is **DENIED**.

**SO ORDERED.**


Date: September 28, 2011

/s/
ROSEMARY M. COLLYER
United States District Judge