IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RON PETERSON FIREARMS, LLC, et al.,

        Plaintiff,

vs.                                              No. 11-CV-678 JEC/LFG
                                              (Consolidated with 12-CV-167)

B. TODD JONES, ACTING DIRECTOR,
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT**

THIS MATTER comes before the Court on *Plaintiffs' Motion to Supplement the Administrative Record*, filed March 13, 2012 (Doc. 40)("Motion"). Having reviewed the pleadings and the governing authority, and being otherwise fully informed, the Court finds that the Motion is not well-taken and will be denied.

    **I.**    **Background**

Plaintiffs Dale Rutherford, doing business as The Cop Shop, and Tracy Rifle and Pistol, Inc. (together, "Plaintiffs")[1] seek declaratory and injunctive relief against Defendant Acting Director of the Bureau of Alcohol, Tobacco, Firearms & Explosives (hereinafter "Defendant" or

---

[1] The Court refers to Dale Rutherford, doing business as The Cop Shop, and Tracy Rifle and Pistol, Inc., as the "Plaintiffs" for purposes of this Order, noting that Ron Peterson Firearms, the other Plaintiff in this consolidated action, has not joined in the Motion.

"ATF") under section 706(2) of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"). Plaintiffs are Federal Firearms Licensees ("FFLs"), subject to ATF's recent requirement that gun dealers in the Southwest Border States of Texas, Arizona, New Mexico, and California report information pertaining to multiple sales of specified semi-automatic rifles. Plaintiffs contend that ATF's demand for this information exceeds the scope of its statutory authority under section 923(g) of the Gun Control Act. Mot. at 2. Plaintiffs alternatively contend that even if statutory authority for ATF's action exists, ATF's decision to impose the reporting requirement on them was arbitrary and capricious. *Id.*

On February 27, 2012, Defendant lodged a 779-page Administrative Record ("AR") with the Court, which included queries of Defendant's Firearms Trace System Database ("FTSD"). *See* Mot. at 3.[2] Defendant redacted the identities of FFLs from these queries before filing the AR. Resp. at 1. Plaintiffs allege that ATF "ostensibly used its Firearms Tracking System to identify the [FFLs] who have sold rifles that were later recovered in Mexico and whose reports reflecting multiple rifle sales would assist ATF investigations into illegal firearms trafficking in Mexico." Mot. at 4. Plaintiffs believe that they are not among the FFLs identified in the trace data summaries, and that the "redacted information is highly relevant to the question whether ATF's decision to include Plaintiffs among the licensees required to report multiple rifle sales had a rational connection to ATF's efforts in combating illegal firearms trafficking in Mexico." Reply at 2, 7. Defendant counters that a review of the AR "readily demonstrates that ATF's focus in analyzing its trace data was on the States in which the dealers who sold firearms later

---

[2]ATF maintains an FTSD containing information related to guns recovered in connection with a crime and conducts firearms traces for other law enforcement agencies. *See* Declaration of Charles J. Houser, Special ATF Agent and Chief of ATF's National Tracing Center ("NTC") Division, (Doc. 43-1) at 2.

traced were located, rather than on the individual identities of those FFLs." Resp. at 12.

Plaintiffs initially requested that the Court order Defendant "to file a supplemental administrative record with unredacted trace data summaries." Mot. at 7. Plaintiffs subsequently acknowledged the Congressional prohibition on public disclosure of such data and requested instead that Defendant "supplement the AR with a declaration addressing: (1) whether Plaintiffs were among the [FFLs appearing] in the trace data queries included in the AR; and (2) if Plaintiffs were among the identified licensees, disclosing the information revealed about Plaintiffs in the trace data queries."[3] Reply at 1-2.

## II.    Legal Standards

### A.    The Administrative Procedure Act

The Administrative Procedure Act ("APA") requires a district court to set aside an agency action if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §§ 706(2)(A). The scope of review under the "arbitrary or capricious" standard is narrow, and courts are not entitled to substitute their judgment for that of the agency. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 103 S. Ct. 2856, 2680 (1983). Under the arbitrary-and-capricious standard, courts must determine whether the agency examined the relevant data and factors, and whether it articulated a rational connection between the facts found and the decision made. *Id.; Citizens to Preserve Overton Park v. Volpe*, 91 S. Ct. 814, 823 (1971), *overruled on other grounds by Califano v. Sanders*, 97 S. Ct. 980 (1977)

---

[3]Plaintiffs raise this alternative request for the first time in their Reply. When a reply brief contains new material or argument, courts either permit a surreply or refrain from relying on the new material or argument in ruling on the motion. *See Beard v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998); D.N.M. LR-Civ. 7.6(b). Because Plaintiffs' modified request seeks a declaration regarding a portion of the same material sought in their Motion, and the Court is denying Plaintiffs' Motion, the Court addresses this request.

(courts review an agency decision for a clear error of judgment).

The APA instructs a court to "review the whole of the record or those parts of it cited by a party." 5 U.S.C. § 706. "Once an agency presents a certified copy of the complete administrative record to the court, the court presumes that the record is properly designated." *Id*. at 420. *See also Bar MK Ranches v. Yuetter,* 994 F.2d 735, 740 (10th Cir.1993) (the court assumes the agency properly designated the administrative record absent clear evidence to the contrary). A party may request that "an agency 'complete the record' with documents it actually considered [but did not include] or 'supplement the record' with materials which were not before the agency when it made its challenged decision." *Wildearth Guardians v. U.S. Forest Service*, 713 F. Supp. 2d 1243, 1253 n. 4 (D. Colo. 2010). "The burden to rebut the presumption of a complete record initially rests with Petitioners who must show by clear evidence that the record fails to include documents or materials considered by Respondents in reaching the challenged decision." *Id*. at 1253. To rebut the presumption of a properly designated record and supplement the record, the petitioner must demonstrate the need for extra-record materials due to one of the following "extremely limited" circumstances:

> (1) the agency action is not adequately explained and cannot be reviewed properly without considering the cited materials; (2) the record is deficient because the agency ignored relevant factors it should have considered in making its decision; (3) the agency considered factors that were left out of the formal record; (4) the case is so complex and the record so unclear that the reviewing court needs more evidence to enable it to understand the issues; and (5) evidence coming into existence after the agency acted demonstrates the actions were right or wrong.

*Custer CTY. Action Ass'n v. Garvey*, 256 F.3d 1024, 1028 n. 1 (10th Cir. 2001) (*citing Am. Mining Cong. v. Thomas*, 772 F.2d 617, 626 (10th Cir. 1985)). *See also Lee v. U.S. Air Force*, 354 F.3d 1229, 1242 (10th Cir. 2004) (only in extremely limited circumstances will a court consider evidence outside of the record).

4

### B.   The Consolidated Appropriations Act

The Consolidated Appropriations Act of 2011 ("the Act"), Pub. L. No. 112-55, 125 Stat. 552, 609-10 (Nov. 18, 2011), expressly prohibits public disclosure of information contained in the FTSD information and maintained by licensees pursuant to 18 U.S.C. § 923(g). *See Skinner v. United States Dep't of Justice*, 744 F. Supp. 2d 185, 204 (D.D.C. 2010). The Act further provides that ATF trace data:

> shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court or in an administrative proceeding other than a proceeding commenced by the Bureau of Alcohol, Tobacco, Firearms and Explosives to enforce the provisions of this Chapter 44 of such title, or a review of such an action or proceeding.

Pub. L. No. 112-55, 125 Stat. 552, 609-10 (Nov. 18, 2011). The Act recognizes exceptions to the prohibition for narrowly-defined law enforcement and national security purposes and for the publication of annual statistical reports on products regulated by the ATF and "statistical aggregate data regarding firearms traffickers and trafficking channels, or firearms misuse, felons, and trafficking investigations." *Id*.

### III.   Analysis

Plaintiffs acknowledge the prohibition against public disclosure of firearms trace data, but contend that exclusion of the FFL identities from the AR "impacts both their ability to prove that Defendant's action was arbitrary and capricious and the Court's ability to conduct a 'thorough, probing and in-depth review' of Defendant's decision making process." Reply at 1-2 (quoting *Citizens to Preserve Overton Park v. Volpe*, 91 S. Ct. 814, 822). Defendant responds that even absent the Congressional prohibition, a review of the AR demonstrates that ATF's

5

focus was demographic, and that Plaintiffs fail to demonstrate how the information sought is relevant to the inquiry before the Court.  Resp. at 1-2; 11-12; 18.  Plaintiffs reply that the "information removed from the record relating specifically to Plaintiffs is potentially adverse to ATF's decision and may reveal that there were reasonable alternatives to the requirement that all licensees in Arizona, California, New Mexico and Texas submit reports."  Reply at 4.

Congress has not only prohibited the public disclosure of FTSD information, but it has specifically stated that such data "shall be immune from legal process and shall not be subject to subpoena or other discovery in any [civil action or administrative proceeding[4]], thereby giving ATF no discretion to release the information from its firearm trace database." *Penn v. U.S. Dep't of Justice*, 2012 WL 761741, *6 (E.D. Cal. 2012) (internal quotations and citations omitted).  The inclusion of language immunizing ATF trace data from legal process "clearly demonstrates Congress' intent to protect the requested information from general public disclosure to avoid endangering law enforcement and homeland security and to avoid violating the privacy of innocent citizens and businesses." *City of Chicago v. U.S. Dep't of the Treasury, Bureau of Alcohol, Tobacco and Firearms*, 423 F.3d 777, 780 (7th Cir. 2005) (citing H.R. Rep. No. 108-576 at 30 (House Report to the 2005 Appropriations Act)).

"Congress' obvious intention in adding the 'immune from legal process' language to the funding restriction that existed under prior riders was to cut off access to the databases for any reason not related to law enforcement" and the "requesting party has no judicial remedy as the information is immune from legal process and not subject to a subpoena or otherwise

---

[4]Administrative proceedings are immune from legal process with the exception of administrative proceedings commenced by ATF to enforce the provisions of this title. *See* Pub. L. No. 112-55, 125 Stat. 552, 609-10 (Nov. 18, 2011).

discoverable in a civil action." *Chicago*, 423 F.3d at 780-782. "We cannot ignore clear expressions of Congressional intent, regardless of whether the end product is an appropriations rider or a statute that has proceeded through the more typical avenues of deliberation." *Id.*

Given this express prohibition, courts have determined that ATF properly withheld firearms trace data from discovery in civil litigation. *See McRae v. U. S. Dep't of Justice*, 2012 WL 2428281, *8 (D.D.C. 2012) (citing *Singh v. FBI*, 574 F. Supp. 2d 32, 45-46 (D.D.C. 2008) (agency properly withheld firearms transaction records); *Miller v. U.S. Dep't. of Justice*, 562 F. Supp. 2d 82, 111-12 (D.D.C. 2008) (agency properly withheld firearms trace reports); *Watkins v. Bureau of Alcohol, Tobacco & Explosives*, 2005 WL 2334277, *1 (D.D.C. 2005) (appropriations legislation "prevent[s] the public release of sensitive firearms trace data not so much for budgetary reasons than out of concern that such disclosures could jeopardize criminal investigations."). In *Muhammad v. U.S. Dep't of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives*, the court denied the plaintiff's request for information from ATF's database concerning the ownership of a firearm despite the plaintiff's request for the information in order to overturn her son's conviction. 2007 WL 433552, *1-2 (S.D. Ala. 2007) (unpublished). The court stated that although it was sympathetic to the plaintiff's request, the case before it was the plaintiff's § 1983 claim, not a criminal case, and "the Consolidated Appropriations Act prohibits disclosure under the circumstances of this case regardless of the reasons the information is requested." *Id*.

The Act likewise prohibits disclosure of the information sought by Plaintiffs, regardless of their reasons for seeking the information. Although Plaintiffs state that the Congressional prohibition does not preclude supplementation of the AR with limited information related to them, they provide no legal support for this contention or explain why such information would

not be immune from legal process. Further, because Congress has also prohibited the use of "testimony or other evidence" based on such trace data, Plaintiffs' request for a declaration based on the redacted information is similarly prohibited. *See* Pub. L. No. 112-55, 125 Stat. 552, 609-10 (Nov. 18, 2011).

Even if the Congressional prohibition did not exist and the request for a declaration could be construed as a request to supplement the record, the circumstances do not warrant supplementation of the record. Plaintiffs have failed to demonstrate that the AR is insufficient or that the information sought is necessary to determine whether ATF's reporting requirement is the product of reasoned decision making. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1575 (10th Cir. 1985) (plaintiff did not demonstrate that agency failed to make a reasoned explanation for the challenged action or that there were limitations in the AR that made it impossible to conclude that the action was a product of reasoned decision making). *See also National Shooting Sports Foundation v. Melson* No. 1:11-CV-1401 RMC (D.D.C.), *J & G Sales, Inc. v. Melson*, No. 1:11-CV-1402 RMC (D.D.C.) (consolidated with 1:11-CV-1401) (Doc. 30) at 2-3 (when presented with an administrative record identical to the AR in this case, the court rejected the plaintiff's request for discovery of ATF's trace query results because the plaintiff failed to demonstrate that the administrative record was insufficient or warranted supplementation).

As Defendant notes, "[w]hen it comes to particular line-drawing decisions made in the course of setting policy, an agency 'is not required to identify the optimal threshold with pinpoint precision. It is only required to identify the standard and explain its relationship to the underlying regulatory concerns.'" Resp. at 14 (quoting *Blaustein & Reich, Inc. v. Buckles*, 220 F. Supp. 2d 535, 547 (E.D. Va. 2002) and *WorldCom, Inc. v. F.C.C.*, 238 F.3d 449, 461–62

(D.C.Cir.2001)). Accordingly, the Court finds that Plaintiffs have failed to overcome the strong presumption that Defendant properly designated the record. *See Lee v. U.S. Air Force*, *supra*, at 1242. Because Plaintiffs have not overcome the presumption of administrative regularity or demonstrated that completion of the record is warranted under the circumstances of this case, the Court will deny the Motion.

WHEREFORE,

**IT IS ORDERED** that *Plaintiffs' Motion to Supplement the Administrative Record*, filed March 13, 2012 (Doc. 40) is **DENIED**.

Dated August 2, 2012.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

    Jeffrey M. Croasdell, Esq.
    Rodey, Dickason, Sloan, Akin & Robb, P.A.
    Albuquerque, New Mexico

    James B. Vogts, Esq.
    Swanson, Martin & Bell, LLP
    Chicago, Illinois

    Stephen P. Halbrook, Esq.
    Richard E. Gardner, Esq.
    Fairfax, Virginia

Counsel for Defendant:

    Daniel Riess, Esq.
    Lesley Farby, Esq.
    USDOJ
    Washington, D.C.

Kenneth J, Gonzales, Esq.
USA
Jan E. Mitchell, Esq.
AUSA
Albuquerque, New Mexico